IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 08-cv-01996-LTB-MJW

CHEREECE BOYLEN,
CONSTANCE VANEATON,
GEORGE KIDD,
MARTIN HIGLEY,
MARVIN SIMS,
BARBARA LEAN,
DONALD STOTTS,
DALE WALKER,
DARRYL SCADDEN,
COURTNEY DONALDSON, and
CAROL BOWSER,

      Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN FAMILY STANDARD INSURANCE COMPANY OF WISCONSIN,
DENISE GRUEBEL,
JACK MAXFIELD, and
THE JACK MAXFIELD AGENCY,

      Defendants.

___

# ORDER
___

This case is before me on Plaintiffs' Motion to Remand [Doc #15]. After consideration of the motion, related pleadings, and the case file, I grant the motion for the reasons set forth below.

## I. Background

Plaintiffs are Colorado residents who were insured by Defendants American Family Mutual Insurance Company or American Family Standard Insurance Company of Wisconsin

(collectively "American Family"). Defendant Jack Maxfield is a Colorado licensed insurance agent in Arvada, Colorado and the owner of Defendant The Jack Maxfield Agency. Defendant Denice Gruebel is a Colorado resident and a casualty claims specialist for American Family.

Plaintiffs filed their Complaint and Jury Demand seeking monetary damages for unpaid extended Personal Injury Protection ("PIP") benefits in the Boulder County District Court. Plaintiffs also filed a Civil Cover Sheet in the state court on which they checked the boxes indicating that the simplified procedure under C.R.C.P. 16.1 did not apply because "[t]his party is seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs."

Defendants removed this action on diversity grounds pursuant to 28 U.S.C. §§ 1332, 1441 & 1446. In their Notice of Removal, Defendants state that "based on the allegations in the complaint, matters set forth in this notice of removal, and plaintiffs' certification in the Civil Case Cover Sheet ... the amount in controversy exceeds the sum or value of $75,000." Defendants further acknowledge that Maxfield and Gruebel are Colorado residents but state that they were fraudulently joined to defeat diversity jurisdiction.

By the motion, Plaintiffs seek to remand the case back to the Boulder County District Court on the basis that Defendants have not demonstrated by a preponderance of the evidence that the amount in controversy requirement is met or that there is complete diversity among the parties.

## II. Analysis

"The amount in controversy requirement is ordinarily determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the notice of removal."

*Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). As the party invoking the federal court's jurisdiction in this case, Defendants bear the burden of proving of proving facts demonstrating the requisite amount in controversy by a preponderance of the evidence. *McPhail v. Deere & Co.,* 529 F.3d 947, 954 (10th Cir. 2008). In analyzing Plaintiffs' motion, I bear in mind my obligation to "rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states, ... and that the presumption is therefore 'against removal jurisdiction.'" *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1289 (10th Cir. 2001) (citations omitted). *See also Fajen v. Foundation Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed ... and all doubts are to be resolved against removal.").

Plaintiffs' Complaint does not specify the amount of damages that Plaintiffs are seeking. Nonetheless, Defendants argue that the $75,000 jurisdictional threshold is necessarily met once all of the components of Plaintiffs' requested damages, including treble damages, attorney fees, and economic and noneconomic damages, are taken into account. Defendants acknowledge, however, that the amount of Plaintiffs' damages in any of these categories cannot yet be calculated. It is therefore speculative whether the amount in controversy requirement is satisfied based solely on the allegations in Plaintiffs' Complaint.

In addition to the components of Plaintiffs' requested damages, Defendants' Notice of Removal relies on the Civil Cover Sheet filed by Plaintiffs to establish the $75,000 jurisdictional threshold. For the reasons set forth in *Baker v. Sears Holding Corp.,* 557 F. Supp.2d 1208, 1215 (D. Colo 2007) and other cases from this Court cited by Plaintiffs, I agree that the Civil Cover Sheet alone is insufficient to establish the requisite amount in controversy as to any of the

Plaintiffs. Specifically, the Civil Case Cover Sheet lacks the certification that render the complaint and notice of removal reliable evidence of the amount in controversy and fails to delineate the components of the claimed damages to allow analysis of whether they are recoverable under applicable law. For these same reasons, I conclude that Defendants may not rely on the Civil Cover Sheet to cure the speculative nature of its argument that the amount in controversy requirement is satisfied by the allegations in Plaintiffs' Complaint.

With no other evidence regarding Plaintiffs' damages before me and in light of the strict standards governing removal, I conclude that Defendants have failed to meet their burden of proving facts demonstrating the requisite amount in controversy by a preponderance of the evidence. This Court therefore lacks subject matter jurisdiction over Plaintiffs' claims. Because this issue is dispositive, I need not address Plaintiffs' argument that remand is also warranted on the basis that complete diversity is lacking.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Doc #15] is GRANTED.


Dated: January __23__, 2009 in Denver, Colorado.

                                        BY THE COURT:

                                          s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, JUDGE